**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAYON SHERWIN PAYNE,
     Plaintiff,

V.                                       Case No.: (To be assigned)

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
     Defendant.

—————————————————————/

**COMPLAINT FOR HEARING ON NATURALIZATION
APPLICATION UNDER 8 U.S.C. § 1447(b)**

**PRELIMINARY STATEMENT**

1. This is a civil action for de novo judicial review under 8 U.S.C. § 1447(b), which grants the district court jurisdiction over an application for naturalization if USCIS fails to make a determination within 120 days after the applicant's examination.

2. Plaintiff Rayon Sherwin Payne seeks an order from this Court granting his application for naturalization, as USCIS has failed to act within the statutory period and has forfeited the opportunity to resolve the matter.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper under 8 U.S.C. § 1447(b) and 28 U.S.C. § 1331, as this action arises under federal law and concerns Plaintiff's application for naturalization.

4. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e). Defendant United States Citizenship and Immigration Services (USCIS) is headquartered in Washington, D.C., and a substantial part of the agency's adjudicative conduct, delays, and final decision-making authority occurred and continues to occur within this District.

1

## PARTIES

5. Plaintiff, Rayon Sherwin Payne, is a lawful permanent resident of the United States.

6. Defendant, United States Citizenship and Immigration Services (USCIS), is a federal agency within the Department of Homeland Security, headquartered at 20 Massachusetts Avenue NW, Washington, D.C. 20529.

## FACTS

7. Plaintiff filed a Form N-400, Application for Naturalization, on or about April 16, 2023.

8. Plaintiff appeared for a naturalization interview on February 20, 2025. (See Exhibit A: Interview Notice)

9. As of the date of this filing, more than 120 days have passed since Plaintiff's examination without a final determination by USCIS.

10. USCIS previously issued a denial dated December 4, 2023, stating Plaintiff was ineligible due to a criminal conviction from the year 2000, classified as an "aggravated felony" under INA § 101(a)(43). (See Exhibit B: USCIS Denial Letter).

11. Plaintiff subsequently filed a Form N-336 appeal and submitted certified documentation proving the conviction had been overturned by a state court.

12. The conviction cited by USCIS has been vacated, and Plaintiff provided a certified copy of the vacatur order confirming that it no longer serves as a legal basis for disqualification under INA § 316(a)(3). (See Exhibit C: Certified Court Order Vacating Conviction).

13. As a result of USCIS's unlawful denial based on a vacated conviction, Plaintiff was forced to file a Form N-336 administrative appeal and pay the required $700 fee to challenge a decision that had no legal basis. This caused direct financial hardship. Had Plaintiff been unable to afford that fee, he would have been permanently denied

naturalization without due process or access to a meaningful remedy. USCIS's actions reflect both administrative misconduct and a violation of Plaintiff's constitutional rights under the Fifth Amendment.

14. USCIS conducted a hearing on the Plaintiff's Form N-336 appeal but failed to issue the required written decision pursuant to 8 C.F.R. § 336.2(b), which states: "The reviewing officer shall render a decision on the request for a hearing and shall notify the applicant of the decision in writing, stating the reasons therefor." Instead, USCIS closed the N-336 without explanation, retained the $700 appeal fee, and reopened the N-400 application. No justification or legal basis was provided for the closure. This constitutes a violation of Plaintiff's procedural due process rights under the Fifth Amendment, and may also amount to unauthorized retention of government funds, as USCIS accepted the filing fee and failed to deliver a final adjudication as required.

15. Additionally, the original denial of Plaintiff's N-400 was based on a Florida state criminal conviction that had been vacated decades ago by a valid court order. Plaintiff submitted a certified copy of that vacatur, demonstrating that the conviction no longer had any legal effect. Despite this, USCIS continued to rely on the vacated conviction as a basis to deny Plaintiff's naturalization—as recently as 2024–2025. The agency's use of a decades-old vacated conviction, in full knowledge of its legal nullity, is not only arbitrary but a clear violation of due process and a disregard for binding state court orders. This action reflects intentional obstruction of Plaintiff's rights under the Immigration and Nationality Act and the Constitution.

**CAUSE OF ACTION**

**(Failure to Adjudicate Naturalization Application under 8 U.S.C. § 1447(b))**

16. Plaintiff brings this action pursuant to 8 U.S.C. § 1447(b), which grants the district court jurisdiction over a naturalization application where USCIS has failed to render a decision within 120 days of the applicant's interview. Plaintiff also asserts violations of his procedural due process rights under the Fifth Amendment to the United States Constitution, arising from USCIS's reliance on a vacated conviction, its failure to issue a written decision following Plaintiff's N-336 hearing, and the improper retention of the associated filing fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Assume jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b);

    B. Conduct a de novo review of Plaintiff's eligibility for naturalization;

    C. Find that Plaintiff meets all statutory requirements for naturalization and grant him United States citizenship directly, without remanding the matter to USCIS;

    D. Declare that USCIS violated Plaintiff's procedural due process rights under the Fifth Amendment by relying on a vacated conviction, failing to issue a written decision following the N-336 hearing, and retaining Plaintiff's $700 filing fee without providing the adjudication required by law;

    E. Order USCIS to refund to Plaintiff the $700 filing fee paid for the N-336, due to the agency's failure to issue a written decision and properly resolve the appeal in accordance with 8 C.F.R. § 336.2(b);

F.  Grant such other and further relief as the Court deems just and proper, including any equitable remedy or award of costs and fees under the Equal Access to Justice Act or other applicable authority.

Date: 6 / 23 /2025                                    Respectfully submitted,

 

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

5