**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


RAYON SHERWIN PAYNE,
     Plaintiff,

V.                                         Case No.: (To be assigned)

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
     Defendant.
_____ /


**EXHIBITS IN SUPPORT OF COMPLAINT FOR HEARING**
**ON NATURALIZATION  APPLICATION UNDER 8 U.S.C. § 1447(b)**

Exhibit A: Interview Notice dated February 20, 2025 – shows when the 120-day clock started

Exhibit B: USCIS Denial Letter dated December 4, 2023 – shows the basis for denial

Exhibit C: Certified Court Order Vacating the Conviction – proves that the criminal basis for denial no longer exists

Exhibit D: Form N-336 Appeal and Confirmation of Reopening – shows that USCIS reopened the application but failed to act

Exhibit E: Screenshot or summary of USCIS case status – supports that no action has been taken since the interview


Date: 6 / 23 /2025                                Respectfully submitted,


_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com


**6**

# Exhibit A



## Call-In Letter

**Department of Homeland Security**

**DHS**
**Form G-56**
Internal Use

Date (mm/dd/yyyy)  02/04/2025

File Number  A041189506

To: (Name, Street Number and Name, City, State, ZIP Code)

RAYON SHERWIN PAYNE

4837 NORMANDY PL

ORLANDO, FL 32811

**Please come to the office listed below at the time and place indicated in connection with an official matter.**

| | |
|---|---|
| Agency Name/ Office Location | USCIS 6680 CORPORATE CENTRE BLVD. |
| Date (mm/dd/yyyy) and Time | 02/20/2025, AT 11:00 A.M. |
| Ask For | OFFICER JOHNSON |
| Reason for Appointment | FOLLOW UP INTERVIEW |
| Bring With You | ANY PERTINENT DOCUMENTS RELATED TO YOUR N-400 APPLICATION. |

**It is important that you keep this appointment and bring this letter with you.**

**If you are unable to do so, state your reason, sign below, and return this letter to this office** _____

OFFICER JOHNSON
_____
Name of Authorizing Official

_____
Signature of Authorizing Official

IMMIGRATION SERVICES OFFICER
_____
Title of Authorizing Official

2/4/2025
_____
Date of Signature (mm/dd/yyyy)

I am unable to keep the appointment because:

_____

_____

_____

_____

_____

_____

_____

_____

_____
Signature

_____
Date of Signature (mm/dd/yyyy)

Form G-56  11/12/15

Page 1 of 1

# Exhibit B

December 4, 2023

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
6680 Corporate Centre Blvd.
Orlando, FL 32822

 

RAYON SHERWIN PAYNE
c/o RAYON PAYNE
4837 NORMANDY PL
ORLANDO, FL 32811-7214



IOE9250929288

RE: N-400, Application for Naturalization

A041-189-506

## <u>DECISION</u>

Dear RAYON PAYNE:

On April 16, 2023, you filed a Form N-400, Application for Naturalization, with U.S. Citizenship and Immigration Services (USCIS) under section 316 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization, under INA 316, an applicant must:

- Be 18 years of age or older at the time of filing Form N-400;
- Be lawfully admitted for permanent residence;
- Be a lawful permanent resident for at least 5 years at the time of filing Form N-400;
- Demonstrate good moral character for at least 5 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;
- Have resided continuously in the United States for at least 5 years as a lawful permanent resident before filing Form N-400;
- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;
- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;
- Be physically present in the United States for at least 2½ years at the time of filing Form N-400;
- Demonstrate a basic knowledge of U.S. history and government;
- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and
- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

**Statement of Facts and Analysis Including Ground(s) for Denial**

On August 27, 1986, you obtained permanent resident status in immigrant classification P22. USCIS received your Form N-400 on April 16, 2023, and on November 7, 2023, you appeared for an interview to determine your eligibility for naturalization.

During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form N-400, along with any amendments made during the naturalization interview, and the documents submitted by you were true and correct. The record reflects that on June 4, 1999, you were arrested and charged with Possession of Stolen or Counterfeit Credit Card,  Florida Statutes 817.60(2) and Scheme to Defraud, in violation of Florida Statutes 817.034(4)(A)(3)-2, Florida, Orange County. On March 9, 2000, you were convicted of Possession of Stolen or Otherwise Counterfeit Credit Card, and Scheme to Defraud in violation of Florida Statutes 817.60(6)(A) and 817.034(4)(A)(3) and sentence to $10,659.42 restitution and 5 years incarceration, Florida, In The Circuit Court of The Ninth Judicial Circuit in and for Orange County Florida, Case Number CR-0-99-7826/A.

Possession of Stolen or Otherwise Counterfeit Credit card, and Scheme to Defraud is an aggravated felony. See INA 101(a)(43)(D). To be eligible for naturalization, you must demonstrate that you are a person of good moral character. Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization. See INA 316(a)(3), INA 101(f)(8), and Title 8, Code of Federal Regulations (8 CFR), section 316.10(b)(1)(ii).

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See attached 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

For questions about your application, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

*Michael J McCleary*

Michael J McCleary
Field Office Director
Officer: OR1136

## Attachment
## (Applicable Law/Regulations)

To better assist you, the sections of the law referenced in your decision are provided below:

**INA 316**
(a) No person, except as otherwise provided in this title, shall be naturalized, unless such applicant,
(3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

**INA 101**
(f) For the purposes of this Act - No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is or was—
(8) one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43));

(d)an offense described in section 1956 of title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000.

**8 CFR 316.10**
(b) Finding of a lack of good moral character.
(1) An applicant shall be found to lack good moral character, if the applicant has been:
(ii) Convicted of an aggravated felony as defined in Section 101(a)(43) of the Act on or after November 29, 1990.

**INA 336**
(a) If, after an examination under section 335, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

(b) If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

(c) The Attorney General shall have the right to appear before any immigration officer in any naturalization proceedings for the purpose of cross-examining the applicant and the witnesses produced in support of the application concerning any matter touching or in any way affecting the applicant's right to admission to citizenship, and shall have the right to call witnesses, including the applicant, produce evidence, and be heard in opposition to, or in favor of, the granting of any application in naturalization proceedings.

(d) The immigration officer shall, if the applicant requests it at the time of filing the request for the hearing, issue a subpoena for the witnesses named by such applicant to appear upon the day set for the hearing, but in case such witnesses cannot be produced upon the hearing other witnesses may be summoned upon notice to the Attorney General, in such manner and at such time as the Attorney General may by regulation prescribe. Such subpoenas may be enforced in the same manner as subpoenas under section 335(b) may be enforced.

(e) It shall be lawful at the time and as a part of the administration by a court of the oath of allegiance under section 337(a), for the court, in its discretion, upon the bona fide prayer of the applicant included in an appropriate petition to the court, to make a decree changing the name of said person, and the certificate of naturalization shall be issued in accordance therewith.

## 8 CFR 336.2

(a) The applicant, or his or her authorized representative, may request a hearing on the denial of the applicant's application for naturalization by filing a request with USCIS within thirty days after the applicant receives the notice of denial.

## 8 CFR 103.8

This section states authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other papers (except warrants and subpoenas)in administrative proceedings before Service officers as provided in this chapter.

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

# Exhibit C

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO. 1999-CF-7826
DIVISION 15

STATE OF FLORIDA,
    Plaintiff,

vs.

RAYON SHERWIN PAYNE,
    Defendant.
_____/

Docketed By:
CATALINA RESTREPO



## ORDER GRANTING MOTION FOR POSTCONVICTION RELIEF

This matter originally came before the Court for consideration of Defendant Rayon Sherwin Payne's Motion for Postconviction Relief / Newly Discovered Evidence, filed May 11, 2004, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. After reviewing the Motion, file, and record, this Court, through a predecessor judge, concluded that summary denial without hearing was warranted. Defendant appealed the Court's denial to the Fifth District Court of Appeal and that decision was reversed and remanded with directions to hold an evidentiary hearing on Defendant's motion. The Court, after hearing argument of counsel, considering the testimony and evidence presented at the hearing held on January 27, 2005, and having reviewed the file and law provided to the Court in this matter, makes the following findings of fact and conclusions of law.

### Procedural History

Defendant was charged with five counts of possession of a stolen or otherwise counterfeit credit card; two counts of fraudulent use of a credit card to obtain more than $100 in value; one count of grand theft third degree of $10,000 or more; two counts of grand theft third degree; one count of petit theft; and one count of scheme to defraud.

On March 9, 2000, the Defendant pled nolo contendere to one count of possession of stolen or otherwise counterfeit credit card and the one count of scheme to defraud, and the State entered a nolle prosequi as to the remaining charges. He was sentenced to 1day time served in the Orange County Jail followed by two consecutive terms of 5 years of probation. He did not

appeal.

In May 2001, Defendant was charged with a new offense in Case No. 01-6009. Based thereon, he was also charged with violating probation in Case No. 99-7826. Defendant was found guilty, after trial, his probation was revoked, and he was sentenced to consecutive five year terms in prison for violation of probation and concurrent term of 120.15 months incarceration followed by 10 years probation for the new offense.

Defendant filed a Motion to Withdraw Plea, pursuant to Rule 3.170, Florida Rules of Criminal Procedure, which was denied September 27, 2002. He also appealed the post-judgment order revoking probation. The Fifth District Court of Appeal per curiam affirmed the judgment and sentence; *Payne v. State*, 847 So.2d 486 (Fla. 5th DCA 2003).

On January 8, 2003, through collateral counsel, Defendant filed a Motion to Vacate and Set Aside Judgment and Sentence, alleging the plea was involuntary because neither the Court nor the prosecutor nor defense counsel advised him of the possibility of deportation. On December 9, 2003, the Court denied relief, finding that Defendant failed to establish that INS had instituted deportation proceedings and further finding that Defendant would be subject to deportation regardless of his plea in the instant case due to his conviction for sexual battery in Case No. 01-6009. The Fifth District Court of Appeal affirmed; *Payne v. State*, 869 So. 2d 633 (Fla. 5th DCA 2003).

After mandate issued from the Fifth District Court of Appeal, an INS judge entered an order of deportation. Then, the Court entered an order in Case No. 01-6009, setting aside Defendant's conviction and granting him a new trial. Based on these changed circumstances, Defendant filed a second Rule 3.850 motion asserting newly discovered evidence. In his new motion, Defendant alleged that the INS deportation order and the order vacating his conviction in Case No. 01-6009 now demonstrated prejudice because he will be deported based on his conviction in Case No. 99-7826, unless he is permitted to withdraw his plea.

On June 18, 2004, the Court denied the motion without prejudice concluding that the motion was not ripe because Defendant would be subsequently retried in Case No. 01-6009, and, if convicted, this conviction could serve as an independent basis for deportation. Defendant appealed that decision to the Fifth District.

On November 19, 2004, the Fifth District reversed the Court and remanded finding that Defendant's motion was facially sufficient in that Defendant established that he did not know the plea might result in deportation, he is threatened with deportation because of the plea, and had he known of the possible consequence, he would not have entered the plea. Furthermore, the Fifth District concluded that Defendant asserted newly discovered evidence based on the fact the his subsequent conviction in Case No. 01-6009 was vacated. Consequently, the Fifth District found that Defendant was entitled to an evidentiary hearing on his motion because the present record did not conclusively show a lack of prejudice. On January 27, 2005, this Court conducted an evidentiary hearing.

### Analysis

After receiving the testimony of Defendant's trial attorney and reviewing the transcripts of the plea hearing and colloquy, this Court finds that the Defendant was never advised by his attorney of possible deportation consequences. This Court further finds that the trial judge, contrary to the requirements of Rule 3.172(c)(8), Florida Rules of Criminal Procedure, failed to inform the Defendant, that if the Defendant was not a United State citizen his nolo contendere plea could subject him to deportation.

In *Peart v. State*, 756 So. 2d 42 (Fla. 2000), the Florida Supreme Court addressed the issue of post conviction relief for an alleged violation of Florida Rule of Criminal Procedure 3.172(c)(8) when there is a failure to inform defendants of the possibility of deportation as a consequence of entering pleas of guilty of nolo contendere. First, the Florida Supreme Court held that a defendant has a two year limitation period commencing from the time that the defendant's knowledge of the threat of deportation based on a plea becomes apparent to him or her. The Court further noted that while previously a non-custodial defendant was required to file a Writ of Corum Nobis as the proper pleading, since approximately 1999 both custodial and non-custodial defendants must raise the claim under Florida Rule of Criminal Procedure 3.850. Lastly, in *Peart*, the Court held that the defendant does not need to prove a likely acquittal at trial in order to obtain relief. The defendant is only required to prove that he or she was prejudiced by the lack of inquiry.

Following *Peart*, in *State v. Seraphin*, 818 So. 2d 485 (Fla. 2002), the Supreme Court

held that in seeking postconviction relief, a defendant threatened with deportation must demonstrate that he or she was prejudiced in the process of entering the plea because the trial court failed to provide the information required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. However, *Seraphin* noted that there is not a *per se* rule permitting a defendant threatened with deportation to withdraw his or her plea anytime a trial court fails to provide that information. Prejudice must be affirmatively demonstrated to require the granting of the motion. Turning to the instant case, the inquiry becomes whether Defendant was prejudiced by the lack of information. The prejudice element focuses on whether the failure to inform Defendant of the possible deportation consequences affected the outcome of the plea process.

In determining whether a reasonable probability exists that a defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial. *Grosvenor v. State*, 874 So.2d 1176, 1181-82 (Fla. 2004). These predictions should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

It is not necessary for the defendant to show that he actually would have prevailed at trial, although the strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from counsel. *Miller v. Champion*, 262 F. 3d 1066, 1069 (10th Cir. 2001). The same analysis is applicable in analyzing whether Defendant really would have gone to trial if he had been properly advised of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure.

At the evidentiary hearing in this matter, Defendant presented testimony under oath. He noted that at the time he entered his plea in 2000, he was aware that he was not a citizen of the United States. However, he testified that he was not aware of any consequences to entering the plea, the full written and signed plea form notwithstanding, since he did not read the plea form,

Page 4 of 7

and his attorney did not go over or explain any of the provisions contained in the plea form.[1] Lastly, he stated that he would not have gone through with the plea if he had known of the possible deportation consequences or if he had been told of the consequences by his attorney or by the Court. *See Pikwrah v. State*, 829 So.2d 402 (Fla. 2d DCA 2000)[2]. The transcript from the plea hearing and colloquy demonstrates that the Court did not make inquiry regarding the possible consequences of deportation. There is also no record evidence that his trial attorney provided Defendant this information other than what is contained on the written plea form. Furthermore, Defendant's trial attorney testified at the evidentiary hearing that he too failed to discuss with the Defendant of any possible deportation consequences.

Defendant has set forth clear and unequivocal evidence that the plea colloquy conducted by the trial judge did not contain an admonition regarding the potential threat on the immigration status of Defendant and its possible effect by the entrance of the plea. Defendant has also presented evidence, in the form of his testimony, that he would not have entered the plea had he been advised of the consequences by the trial judge for fear of the potential effect it might have on his immigration status. Lastly, on January 12, 2004, Defendant was ordered deported by an INS judge,[3] as a result of, at least in part, the plea entered in this matter.

Keeping in mind the fundamental interest in the finality of guilty pleas, this Court cannot find that Defendant was not prejudiced by the failure to inform him of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. Due to this omission, Defendant never had the ability to make a fully informed decision between a possible prison sentence of over 50 years or possible deportation to his home country of Guyana while his immediate family resides in the United States. The plea entered in this matter does show prejudice to Defendant at both the present time, and, through his testimony, at the time Defendant entered the plea. While an order setting aside the plea and sentence in this matter is grossly unfair to the State, especially in light of the time frame that has transpired since the

---

[1] "The fact that the preprinted plea form advised [the defendant] of the possibility of deportation is insufficient to satisfy rule 3.172(c) (8)". Benelhocine v. State 787 So.2d 38 (Fla. 2001)

[2] In order to establish prejudice pursuant to a violation of the rule . . . defendants need to establish that they did not know that the plea might result in deportation, that they were threatened with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea.

Page 5 of 7

entrance of the plea, the dictates of the Florida Supreme Court suggest the need for this Court to enter an order setting aside the plea and sentence herein.

Based on the foregoing, it is **ORDERED**:

1.  Defendant Rayon Sherwin Payne's Motion for Postconviction Relief is **GRANTED**.

2.  The conviction and sentence in the above-styled case are hereby **VACATED**, and the matter will be re-set on the trial docket.

3.  The Clerk of Court shall promptly serve a copy of this Order upon Defendant including an appropriate certificate of service.

**DONE AND ORDERED** in chambers at Orlando, Orange County, Florida, this _3rd_

day of February 2005.

_____
JOHN MARSHALL KEST
Circuit Court Judge

Certificate of Service

I certify that a copy of the foregoing Order has been provided this ___3___ day of February 2005, to **Terrance E. Kehoe, Esquire**, Law Offices of Terrence E. Kehoe, Tinker Building, 18 West Pine Street, Orlando, Florida 32801; and to **Dick Jucknath, Appellate Advocacy Unit**, Office of the State Attorney, 415 North Orange Avenue, Orlando, Florida 32801.

_____
Diane Iacone
Judicial Assistant

---

[3] The determination of the INS judge can only be overcome by a change in Defendant's conviction status.

Page 6 of 7

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this 15 day of DECEMBER 20 23
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

IN THE ___Circuit___ COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO. 48- 1999·CF·7826-0

DIVISION ___15___

STATE OF FLORIDA

vs.

Bayon Sherwin Payne ,

FILED IN OPEN COURT
THIS 12 DAY OF Au A.D. 20 05
Lydia Gardner, Clerk
BY _____ D.C.

## NOLLE PROSEQUI

THE STATE OF FLORIDA enters a Nolle Prosequi in the above-entitled action as to

Cts. 2, 3, 4, 6, 7, 8, 9, 10, 11, 12

I do certify that a copy hereof has been furnished to

T. Kehoe

by (delivery) (mail) this __12__ day of ___August___, 20_05_.

LAWSON LAMAR
State Attorney

By: Martha C. Adams
Print Name: Martha C. Adams
Florida Bar No. 0193569
Assistant State Attorney
Post Office Box 1673
Orlando, Florida 32802-1673
Telephone: 407-836-2400

cc:    State Attorney
       Counsel for Defendant

29 -141 (rev 12/00)

State of Florida  County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ___ day of DEC 1 1 2023 20__
Tiffany Moore Russell, Clerk of the Circuit Court
By _____ Deputy Clerk

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 48- 99-CF- 7826-O / A

DIVISION NO: 15

STATE OF FLORIDA,
       Plaintiff,

vs.

RAYON SHERWIN PAYNE,
       Defendant.
_____ /

## Court Minutes / Order (Plea/Sentencing )

Court opened on 8/12/2005, with the following officers present:
Honorable John Marshall Kest, Judge Presiding.
Asst. State Atty.:   Division 15       Court Reporter:   Electronic
Court Deputy:    L. Holladay

This case came on this day for Plea/Sentencing . The Defendant was present with counsel. Counsel's Name: Terrance Kehoe.

### Count(s) : Ct. 001) 817.60(6)(A)

**Plea**
    The Defendant withdrew the previously entered plea of Not Guilty.  The Defendant was sworn and Pled Nolo Contendere to the lesser included offense of Attempt 777.04, 817.60(6)(a)  Possesstion of Stolen Credit Card  Level: M  Degree: F.

**Judgment**
    Defendant was adjudicated guilty.

### Sentence

**Jail**
    The defendant is ordered  to serve 11 Month(s) in  the Orange County Jail with credit for 11 Month(s) time served.

**Misc. Orders / Events**
- State Nolle Pros counts 2-4, 6-12

### Count(s) : Ct. 005) 817.60(6)(b)

**Plea**
    The Defendant withdrew the previously entered plea of Not Guilty.  The Defendant was sworn and Pled Nolo Contendere to the lesser included offense of Attempt 777.04, 817.60(6)(a)  Possesstion of Stolen Credit Card  Level: M  Degree: F.

**Judgment**
    Defendant was adjudicated guilty.

RAYON SHERWIN PAYNE OKA 8/18/05    08/12/2005 9:26 AM   Page 1 of 3       48-99-CF- 7826-O / A

 

## Sentence

### Probation

The defendant is placed on 1 Year(s)Supervised Probation under the supervision of the Orange County Probation Unit. The defendant must report to Probation within 72 hours. Probation may terminate early after all Restitution and Costs are paid and no new law violations.

### Restitution

- The defendant is ordered to pay $ 279.28 restitution to Victim. The Court orders monies to be paid to Collections Court in compliance with collection court notice filed herein..

- The defendant is ordered to pay restitution to VICTIM. The court reserves as to amount for 60 days..

### Fines

The Defendant is hereby ordered to pay the following amounts: Court Costs: $ 5.00; CCF: $ 50.00; LGCJTF: $ 50.00; CRIMESTP: $ 20.00; CRIMEPREV: $ 20.00;
A $65.00 Criminal Ordinance Program fee is hereby imposed.

- **Defendant shall comply with all conditions of the Collection Program.**
- **Failure to pay financial obligations will result in the suspension of your driving privileges.**

### Misc. Orders / Events

- State Nolle Pros counts 2-4, 6-12
- Return Passport to Defendant within 48 hours.
- The Court orders monies to be paid to Collections Court in compliance with collection court notice filed herein.*(Condition of Probation)

Filed in Open Court this 12th day of August, 2005.

**Lydia Gardner**
Clerk of the Circuit and County Courts

By: J.Everett/ K.Houston,
Deputy Clerk in Attendance

Done and Ordered at Orange County, Florida this 12th day of August, 2005.

Honorable John Marshall Kest, Judge Presiding

| ___ ACS | ___ Dockets | ___ Defendant | ___ Booking | ___ Court Security |
| ___ CFSC | ___ Court Deputy | ___ P&P/Com Cont | ___ Surety | ___ S.O. on ___ |

___ Other: _____

I certify that a copy hereof has been furnished to _____ by (mail) (delivery) this ___ day of _____, 20 ___ .

By: _____
Deputy Clerk

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ___ day of DEC 11 2023.
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

RAYON SHERWIN PAYNE          08/12/2005 9:26 AM    Page 2 of 3          48-99-CF- 7826-O / A

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 48- 99-CF- 7826-O / A

DIVISION NO: 15

STATE OF FLORIDA,
      Plaintiff,
vs.

RAYON SHERWIN PAYNE,
      Defendant.
_____/

## JUDGMENT

The defendant, RAYON SHERWIN PAYNE, being personally before this court represented by Terrance Kehoe, the attorney of record, and the state represented by Division 15, and having entered a plea of Nolo Contendere to the following crime(s):

| Count | Crime | Offense Statute Number(s) | Degree of Crime | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|
| 001 | Attempted Possession of Stolen Credit Card | 777.04, 817.60(6)(a) | MF | 0011563235 |
| 005 | Attempted Possession of Stolen Credit Card | 777.04, 817.60(6)(a) | MF | 0011563235 |

and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

DOCKETED BY: A. GADSON

Filed in Open Court this 12th day of August, 2005.

**Lydia Gardner**
Clerk of the Circuit and County Courts

By: J.Everett/ K.Houston,
Deputy Clerk in Attendance

RAYON SHERWIN PAYNE      08/12/2005 9:26 AM  Page 1 of 3      48-99-CF- 7826-O / A

**State of Florida**

v.

Defendant  *Rayon S. Payne*

Case Number  *99CF 7826-0*

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 1. Left Thumb | 2. Left Index | 3. Left Middle | 4. Left Ring | 5. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by: _____
                                            Name                                                        Title

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, *Rayon S. Payne* , and that they were placed thereon by the defendant in my presence in open court this date.

DONE AND ORDERED in open court in ____ **ORANGE** ____ County, Florida, this ____ *12* ____ day of ____ *Aug* ____ , 20 *05* .

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ____ day of DEC 1 1 2025
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

32-37 (3/00)

_____
Judge

# Exhibit D



| Receipt Number IOE9376860018 | USCIS Online Account Number 062034703193 | Case Type N336 - REQUEST FOR HEARING ON A DECISION IN NATURALIZATION PROCEEDINGS |
|---|---|---|
| Received Date 01/05/2024 | Priority Date 01/05/2024 | Applicant  A041 189 506 PAYNE, RAYON SHERWIN |
| Notice Date 01/05/2024 | Page 1 of 1 | |

PAYNE, RAYON SHERWIN
4837 NORMANDY PL
ORLANDO  FL  32811-7214

**Notice Type:** Receipt Notice
**Received Amount: $** 700.00 U.S.
Paid

Thank you for submitting your application, petition, or request. Our office is currently processing it.

Please verify your personal information listed above. If you need to make any changes, immediately notify the USCIS Contact Center using the phone number below.

**Next Steps:**

- We will schedule you for an appointment at a USCIS Application Support Center (ASC) for you to provide your fingerprints, photograph and/or signature.
- We will mail you a separate biometrics appointment notice with the specific date, time, and ASC location. Please wait until you receive your appointment notice before going to the ASC.

Be advised that this notice does **NOT** serve as notification of your biometrics appointment.

If you have any questions or comments regarding this notice or the status of your case, please contact the USCIS Contact Center toll free at 1-800-375-5283. If you are hearing impaired, please call the Contact Center TDD at 1-800-767-1833.

If you have questions about immigration benefits, services, filing information, or forms, please visit our website at www.uscis.gov or call the NCSC.

If your mailing address changes while your case is pending, please update it through your USCIS Online Account or by calling the USCIS Contact Center.

You will be notified separately about any other application, petition, or request you may have filed with us.

Please note that if a priority date appears on this notice, it does not reflect any earlier retained priority dates.

Please see the additional information on the back. We will notify you separately about any other cases you have filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. BOX 25920
Overland Park KS 66225



**USCIS Contact Center: www.uscis.gov/contactcenter**

# Exhibit E



# Rayon S. Payne

**View profile (/account/applicant/profile)**

---



ⓘ Making America Safe Again ⌄

ⓘ Help USCIS by Reporting Fraud ⌄

ⓘ Reporting a technical issue with your online account ⌄

# Your Cases



**Concurrent filing**

## N-400, Application for Naturalization

**Submitted on** April 16, 2023    |    **Receipt #** IOE9250929288

**Download PDF** ▼

| Case Status | myProgress | **Case History** | Documents |

---

# Case history

| Status | Date |
|---|---|
| Case Is Being Actively Reviewed By USCIS | January 15, 2025 |
| We denied your Form N-400, Application for Naturalization. | December 4, 2023 |
| We are actively reviewing your Form N-400, Application for Naturalization. Our records showed nothing is outstanding at this time. | December 4, 2023 |
| We received your response for Form N-400, Application for Naturalization. | November 26, 2023 |
| We sent a request for additional evidence for your Form N-400, Application for Naturalization. | November 7, 2023 |
| We scheduled an interview for your Form N-400, Application for Naturalization. | October 3, 2023 |
| We are actively reviewing your Form N-400, Application for Naturalization. Our records showed nothing is outstanding at this time. | December 4, 2023 |
| We received your Form N-400, Application for Naturalization, and sent you a receipt notice. | April 16, 2023 |

Case closed

# N-336, Request for a Hearing on a Decision in Naturalization Proceedings

**Submitted on** January 5, 2024    |    **Receipt #** IOE9376860018

Download PDF ▼

| Case Status | Case History | **Documents** |

## USCIS Notices

| File | Date Sent | Action |
| --- | --- | --- |
| Interview Scheduled.pdf (/account/case-service/api/cases/IOE9376860018/documents/WF34GLBjDMwIXHP4-2llDMYeoM0Le_Zt8-uPghKLmkI?filename=Interview%20Scheduled.pdf) | August 13, 2024 | N/A |
| Receipt Notice.pdf (/account/case-service/api/cases/IOE9376860018/documents/SgYS5631L_QfxW0Q-81IJMYeoM0Le_Zt8-uPghKLmkI?filename=Receipt%20Notice.pdf) | January 5, 2024 | N/A |

## Your uploads

You may upload additional evidence that you believe may assist USCIS in adjudicating your application, even if the evidence was not specifically requested. USCIS will consider the timeliness and relevance of unrequested evidence when making a decision about your case.

6/16/25, 11:29 PM

| File | Document | Date added |
|------|----------|------------|
| Payner Order Overturned.pdf (/account/case-service/api/cases/IOE9376860018/documents/SgYS5631L_QfxW0Q-81IJGrswci_EfKFpwQcbWC-hCU?filename=Payner%20Order%20Overturned.pdf) | Other | January 5, 2024 |
| Payne finger print.pdf (/account/case-service/api/cases/IOE9376860018/documents/SgYS5631L_QfxW0Q-81IJIgTi23jS8Y5-mfQiLPL1PI?filename=Payne%20finger%20print.pdf) | Other | January 5, 2024 |
| N336_Additional_Responses.pdf (/account/case-service/api/cases/IOE9376860018/documents/vxmekqEHudkNxLYbaJDerUwA2J7DC8PttdimM3MOiKM?filename=N336_Additional_Responses.pdf) | Additional Response(s) | January 5, 2024 |
| Payne Count Mins and Plea.pdf (/account/case-service/api/cases/IOE9376860018/documents/vxmekqEHudkNxLYbaJDerRFEG9fEUDFZAZkUR554XfQ?filename=Payne%20Count%20Mins%20and%20Plea.pdf) | Other | January 5, 2024 |

| | | |
|---|---|---|
| [Payne State Dismissed counts.pdf (/account/case-service/api/cases/IOE9376860018/documents/vxmekqEHudkNxLYbaJDerTJpQOjm_bG09of-96i4J-0?filename=Payne%20State%20Dismissed%20counts.pdf)](#) | Other | January 5, 2024 |