**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON SHERWIN PAYNE,
     Plaintiff,

V.                                     Case No.: 1:25-cv-01952-ACR

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
     Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL RECORD PRODUCTION AND TO BAR**
**DEFENDANT FROM FILING ANY RESPONSIVE PLEADING UNTIL COMPLIANCE;**
**MEMORANDUM OF LAW IN SUPPORT**

**STATEMENT OF FACTS AND BACKGROUND**

On June 22, 2025, Plaintiff filed this action pursuant to 8 U.S.C. § 1447(b), seeking de novo

judicial review of the Government's failure to timely adjudicate his naturalization application.

Plaintiff's Complaint alleges that USCIS unlawfully relied on a non-existent criminal conviction

as the basis for denying his N-400 application and then administratively closed his related N-336

appeal without resolution or refund of the $700 filing fee, despite the agency reopening the

naturalization process sua sponte.

Following the filing of the Complaint, Plaintiff filed a Motion for Leave to Conduct Early

Discovery, requesting access to his A-file and all underlying records the agency relied upon. The

Court denied that motion on July 30, 2025, without prejudice, noting that the Defendant had not

yet filed a responsive pleading and that Plaintiff's request was premature.

Shortly thereafter, the Department of Justice (DOJ), on behalf of Defendant, moved for an

extension of time to respond to the Complaint, expressly stating that it required 30 additional

1

days "to review the record." On August 21, 2025, the Court granted that request and ordered the Government to file its responsive pleading by September 25, 2025.

Concurrently, Plaintiff submitted a Freedom of Information Act (FOIA) request to USCIS (Control Number NRC2025329738) seeking his full A-file and relevant documents. While the request has been acknowledged, on July 16, 2025, no records have been produced to date. As a result, the Defendant remains in exclusive possession of the A-file — a record that forms the foundation of this case and one the Government has stated it must review before filing a response.

The Plaintiff's A-file is not a privileged document. It is maintained by the Government but concerns Plaintiff personally, and its contents are critical for Plaintiff to evaluate any factual assertions made by Defendant in future pleadings. DOJ's continued exclusive access to this file, while preparing a defense against Plaintiff's claims, raises serious concerns under basic principles of procedural fairness and due process.

**ARGUMENT**
**MEMORANDUM OF LAW**

**I. Due Process Requires Plaintiff's Access to the Record the Government Intends to Use**

The Fifth Amendment guarantees litigants a fundamental right to due process, which includes the opportunity to meaningfully respond to allegations, present evidence, and be heard. Procedural fairness dictates that when the Government has exclusive possession of the very record it intends to rely on in litigation, it must provide the opposing party a copy of that record before filing any responsive pleading.

2

This is especially true when, as here, the record in question is not privileged and concerns the Plaintiff directly. The A-file — which the Government has admitted it needs time to review — is a government-maintained record of Plaintiff's immigration history. See U.S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954) (agency action must comply with due process where individual rights are implicated). Courts have long held that parties cannot be expected to respond to pleadings or mount a defense without meaningful access to material records. See also Goldberg v. Kelly, 397 U.S. 254, 267–68 (1970) (holding due process requires timely access to evidence used in deciding entitlements).

Moreover, Defendant's motion for extension acknowledged that it needed time specifically "to review the record." If the Government intends to file any pleading — whether an answer, motion to dismiss, or otherwise — that relies upon that review, then it must first make the same record available to Plaintiff. To do otherwise would deprive Plaintiff of any meaningful opportunity to rebut or respond, thereby violating principles of fairness and undermining adversarial litigation.

## II. The Government Cannot Use a Record It Has Not Produced

The Government's reliance on a record not in Plaintiff's possession puts the Plaintiff at a strategic and constitutional disadvantage. Courts routinely reject attempts by one party to litigate based on information concealed from the other side. See Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Even more compelling is the fact that the Plaintiff proactively sought the A-file through a timely FOIA request (Control Number NRC2025329738), which has been acknowledged but not yet fulfilled. The Government cannot simultaneously seek judicial relief based on records it is

withholding. To allow such a tactic would amount to trial by ambush, which courts universally condemn. See <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) (the suppression by the prosecution of evidence favorable to an accused violates due process).

**III. DOJ's Affirmative Representation Warrants Disclosure of the A-File**

The Department of Justice, through its own representations to this Court, has confirmed that Plaintiff's A-file is central to its preparation of a defense. In requesting a 30-day extension to respond, the DOJ expressly stated that it needed time to "review the record." That record, by all available facts and context, is Plaintiff's own A-file — the very file Plaintiff has sought access to via FOIA and earlier discovery requests.

This acknowledgment carries serious procedural weight. **First**, it constitutes an admission that the A-file exists; **second**, that it is material to the defense the DOJ plans to raise; and **third**, that the DOJ either possesses or has access to this file, while Plaintiff does not.

Allowing the DOJ to rely on such a file in any responsive pleading, without first producing it to Plaintiff, would result in a gross imbalance of litigation fairness — permitting one party to shape its defense based on exclusive access to the very record at issue, while depriving the Plaintiff of the opportunity to rebut or prepare based on the same material. Such conduct offends fundamental notions of due process, discovery fairness, and transparency in adversarial litigation. See <u>Hickman v. Taylor,</u> 329 U.S. 495 (1947) (requiring fairness in discovery to ensure the truth-seeking function of litigation); see also <u>United States v. Procter & Gamble Co</u>., 356 U.S. 677, 682 (1958) (the discovery process must not be manipulated to secure unfair advantage).

Therefore, the DOJ should be barred from filing any responsive pleading — including motions to dismiss or answers — until the Plaintiff has been provided full and fair access to the A-file that the DOJ itself deems essential to its defense.

**IV. Local Rules and Fundamental Fairness Warrant a Bar on Any Filing Until Production**

Pursuant to Local Rule 7 and Judge Reyes's standing order, motions must be filed in good faith, following reasonable notice, and must not unfairly prejudice the opposing party. Defendant has already received a 30-day extension and is preparing its strategy based on a record it has not shared. This asymmetry not only violates the spirit of fair play but directly contradicts the Court's expectations of good faith litigation.

Additionally, courts have discretion under Rule 26(d) to grant limited discovery where fairness so requires. See Qwest Commc'ns Int'l Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) ("Expedited discovery is appropriate when good cause exists, such as where evidence may be lost or when the need for discovery outweighs prejudice to the responding party."). Here, fairness demands disclosure before further proceedings.

**V. CONCLUSION**

In a matter implicating constitutional due process and fundamental fairness, the Plaintiff cannot be placed at a disadvantage by allowing the Defendant to litigate based on records solely in its possession. Defendant's own admission — that it required time to review Plaintiff's A-file — makes clear that any subsequent filing will rely on that record. Plaintiff must have equal access before being required to respond or engage further. Justice requires a level playing field. This motion seeks nothing more than that — fair access to the very record upon which the Government intends to rely.

## VI. RELIEF REQUESTED

Plaintiff respectfully moves this Court for an order:

1. Precluding Defendant from filing any responsive pleading, motion, or submission based on the Plaintiff's A-file or any related immigration record until such record is produced to the Plaintiff;

2. Compelling Defendant to produce a complete and unredacted copy of Plaintiff's A-file (or the version reviewed by Defendant in preparing its response), no less than fourteen (14) days prior to filing any responsive pleading;

3. Acknowledging Plaintiff's pending FOIA request (Control No. NRC2025329738) and incorporating the lack of fulfillment as further grounds for fairness-based relief; and

4. Granting such other and further relief as the Court deems just and proper under the circumstances.

Date: 8/ 29 /2025                                   Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

## MEET AND CONFER STATEMENT

Pursuant to Local Civil Rule 7(m), Plaintiff submits that no further meet and confer was necessary or required prior to filing this motion. The Defendant, through its counsel, previously requested a 30-day extension of time specifically to "review the record," which was granted by the Court. This motion arises directly from that affirmative representation made by Defendant to the Court and seeks fairness in Plaintiff's access to the same record.

Moreover, the parties have already conferred concerning scheduling, and Plaintiff's request herein pertains solely to access to Plaintiff's own A-file—records uniquely belonging to the Plaintiff and already within the Defendant's exclusive possession. Accordingly, no meaningful meet and confer could alter the underlying facts or eliminate the need for judicial resolution of this issue.

Date: 8/ 29 /2025                                     Respectfully submitted,

_____
RAYON PAYNE, PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion to Bar Pleading Pending Record Production and Incorporated Memorandum of Law was served via electronic mail upon: Derrick A. Petit | Assistant United States Attorney, Civil Division, U.S. Attorney's Office 601 D Street, NW, Washington, D.C. 20530 at Derrick.Petit@usdoj.gov.

Date: 8/ 29 /2025                                     Respectfully submitted,

_____
RAYON PAYNE, PRO SE

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAYON SHERWIN PAYNE,
     Plaintiff,

V.                                                                      Case No.: 1:25-cv-01952-ACR

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
     Defendant.

_____/

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RECORD
PRODUCTION AND STAY DEFENDANT'S RESPONSIVE PLEADING UNTIL
COMPLIANCE**

Upon consideration of Plaintiff's Motion to Bar the Defendant from filing any responsive pleading prior to producing the complete A-File in its possession — which the Defendant has acknowledged it needs to review to respond to the Complaint — and good cause having been shown, it is hereby:

ORDERED that Plaintiff's Motion is GRANTED; and it is further that the Defendant shall not file any responsive pleading, including a motion to dismiss, answer, or any other dispositive or procedural motion, until it has produced the complete A-File related to Plaintiff, which it has admitted to possessing, reviewing, and relying upon in its forthcoming response to the Complaint; and it is further and that Defendant shall produce the complete A-File to Plaintiff no later than fourteen (14) days prior to the Court's current deadline of September 25, 2025, for filing a responsive pleading; and it is further

SO ORDERED.

Dated:

_____
Hon. Ana C. Reyes
United States District Judge

8