UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYON SHERWIN PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1952(ACR) |
| | ) | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO TRANSFER AND DISMISS AND**
**<u>MEMORANDUM IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................................i

TABLE OF AUTHORITIES ...................................................................................................ii

BACKGROUND ..................................................................................................................... 1

ARGUMENT........................................................................................................................... 2

    I.      The Court Should Transfer This Action. ............................................................. 2

          A.      This Case Could Have Been Brought in Plaintiff's District. ...................... 3

          B.      The Relevant Factors Support Transferring this Case to Plaintiff's District.................................................................................................... 3

    II.     Plaintiff's Claims Are Also Ripe to be Dismissed Due to Their Lack of Connection to This District. ................................................................................. 9

CONCLUSION.................................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

| <u>Case</u> | <u>Page</u> |
|---|---|

*Aftab v. Gonzalez*,
597 F. Supp. 2d 76, 84 (D.D.C. 2009) ........................................................................5

*Aishat v. Dep't of Homeland Sec.*,
288 F. Supp. 3d 261 (D.D.C. 2018) (Boasberg, J.)..................................................4, 6

\* *Bourdon v. Dep't of Homeland Sec.*,
235 F. Supp. 3d 298 (D.D.C. 2017) (Kollar-Kotelly, J.) ....................................4-5, 7-8

*Cameron v. Thornburgh*,
983 F.2d 253 (D.C. Cir. 1993) ...................................................................................2

*Chauhan v. Napolitano*,
746 F. Supp. 2d 99 (D.D.C. 2010) (Sullivan, J.) .......................................................4

*Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*,
75 F. Supp. 3d 353 (D.D.C. 2014) (Howell, J.) ...................................................... 2-3

*Gyau v. Sessions*,
Civ. A. No. 18-0407 (RCL), 2018 WL 4964502 (D.D.C. Oct. 15, 2018) ......................4

*In re Sanikanti*,
No. 20-5148 (D.C. Cir. July 8, 2020) (*per curiam* slip op.) .............................................4

*Khamoush v. Mayorkas*,
Civ. A. No. 21-1239 (RC), 2021 WL 4709719 (D.D.C. Oct. 8, 2021)............................4

\* *Lamont v. Haig*,
590 F.2d 1124 (D.C. Cir. 1978) ...........................................................................2, 10

\* *McAfee LLC v. USCIS*,
Civ. A. No. 19-2981 (DLF), 2019 WL 6051559 (D.D.C. Nov. 15, 2019) ..........3-4, 6-8

*Mohammadi v. Scharfen*,
609 F. Supp. 2d 14 (D.D.C. 2009) .........................................................................4, 9

*Ngonga v. Sessions*,
318 F. Supp. 3d 270 (D.D.C. 2018) (Boasberg, J.)......................................................4

*Pasem v. USCIS*,
Civ. A. No. 20-0344 (CRC), 2020 WL 2514749 (D.D.C. May 15, 2020) ......................5

*Pearson v. Rodriguez*,
174 F. Supp. 3d 210 (D.D.C. 2016) (Hogan, J.) ..........................................................4

*Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*,
893 F. Supp. 2d 49 (D.D.C. 2012) (Boasberg, J.).................................................................8

*Roh v. USCIS*,
Civ. A. No. 21-1291 (RJL), 2021 WL 5050071 (D.D.C. Nov. 1, 2021) ...........................4

*Tower Labs, Ltd. v. Lush Cosmetics Ltd.*,
285 F. Supp. 3d 321 (D.D.C. 2018) (Boasberg, J.)..........................................................6

*Trout Unlimited v. Dep't of Agric.*,
944 F. Supp. 13 (D.D.C. 1996).........................................................................................5

*W. Watersheds Project v. Pool*,
942 F. Supp. 2d 93 (D.D.C. 2013) (Bates, J.)................................................................2, 8

\*   *Wolfram Alpha LLC v. Cuccinelli*,
490 F. Supp. 3d 324 (D.D.C. 2020) (Contreras, J.) .................................................. 3, 5-9

## Statutes, Regulation, Rules, and Other Authorities

8 U.S.C. § 1421...................................................................................................................6

28 U.S.C. § 1391.............................................................................................................3, 10

28 U.S.C. § 1404.......................................................................................................... 1-3, 9

Fed. R. Civ. P. 12......................................................................................................... 1, 9-10

By and through their undersigned counsel, and pursuant to Section 1404 of Title 28 of the U.S. Code, Defendant respectfully moves to transfer this action to the U.S. District Court for the Middle District of Florida, where Plaintiff resides ("Plaintiff's District"). Additionally, Defendant moves to dismiss this case under Federal Rule of Civil Procedure ("Rule") 12(b)(3) as Plaintiff fails to name any defendant that resides in this District, rendering this District not just an inconvenient, but also an improper, venue for this action.[1] Ultimately, because Plaintiff seeks to compel the Government to take actions outside of this District, this District is an inconvenient and unsuitable forum for Plaintiff's claims as many cases in this District have held.

Counsel for Defendant consulted with Plaintiff's counsel before filing this motion and understands that Plaintiff opposes the relief sought herein.

## BACKGROUND

Plaintiff, who resides in Orlando, Florida, seeks to compel the United States to act on an immigration application. *See generally* Compl (ECF No. 1). That application remains pending at the U.S. Citizenship and Immigration Services ("USCIS") Orlando (the "USCIS Service Center") located in Orlando, Florida.[2] *See* Compl. ¶ 2.

Notably, neither USCIS nor its Director currently resides in this District for venue purposes, having moved to Camp Springs, Maryland in 2020. *See, e.g., Melnattur v. USCIS*, Civ. A. No. 20-3013 (JDB), 2021 WL 3722732, at *3 (D.D.C. Aug. 23, 2021) (transferring immigration

---

[1] Plaintiff alleges that Defendant is headquartered in Washington, D.C., *see* Compl. (ECF No. 1) ¶ 4, but this is inaccurate. USCIS's headquarters is in Camp Springs, Maryland.

[2] USCIS Service Centers adjudicate certain immigration and petitions and do not provide in-person services to noncitizens. *See* USCIS Service Centers, https://egov.uscis.gov/office-locator/#/serv. In-person appointments are handled at USCIS Field Offices, e.g., interviews for non-asylum cases. *See* USCIS Field Offices, https://www.uscis.gov/about-us/find-a-uscis-office/field-offices.

mandamus suit; "although USCIS used to be headquartered in Washington, D.C., the agency recently moved its headquarters to Camp Springs, Maryland, effective December 2020"); *Wei Lai Dev. LLC v. USCIS*, Civ. A. No. 21-0887 (RDM), 2021 WL 2073403, at \*3 (D.D.C. May 24, 2021) (transferring suit; noting same; remarking, "the propriety of venue in the District of Columbia is in doubt"); *Bahena v. Renaud*, Civ. A. No. 21-0291 (RDM), 2021 WL 1820232, at \*1 (D.D.C. May 6, 2021) (transferring case, "[t]he USCIS headquarters moved to Camp Springs, Maryland before Plaintiffs brought suit"); *see also Lamont v. Haig*, 590 F.2d 1124, 1128 (D.C. Cir. 1978) (collecting citations and noting, "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant").

## ARGUMENT

In short, this case does not belong in this District. The Court should transfer it to a more convenient forum or dismiss it.

## I. THE COURT SHOULD TRANSFER THIS ACTION.

A case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (Howell, J.) (quotation marks omitted). "Thus, transfer . . . must . . . be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Id.* (internal quotation marks omitted). "The movant bears the burden of persuasion that transfer of an action is proper." *Id.* Importantly, "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might

manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). And, "[i]n cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 99 (D.D.C. 2013) (Bates, J.).

This case presents a controversy with no meaningful connection to the District of Columbia. As such, the Court should transfer this case to Plaintiff's District (where Plaintiff resides). *See* 28 U.S.C. § 1404(a).

A. **This Case Could Have Been Brought in Plaintiff's District.**

"The first step in resolving a motion for transfer of venue under § 1404(a) is to determine whether the proposed transferee district is one where the action 'might have been brought.'" *Ctr. for Env't Sci.*, 75 F. Supp. 3d at 356. "In actions raising a federal question by naming as a defendant a federal agency or United States official in his or her official capacity, venue is proper in any judicial district where (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) a plaintiff resides if no real property is involved in the action." *Id.* (quoting 28 U.S.C. § 1391(e)(1)) (internal quotation marks omitted). Here, Plaintiff is located in Plaintiff's District. Thus, this case "might have been brought" in Plaintiff's District.

B. **The Relevant Factors Support Transferring this Case to Plaintiff's District.**

After resolving the threshold inquiry, the Court must turn to the core of the matter, namely whether the case is more conveniently handled in Plaintiff's District rather than this District. This inquiry requires the Court to "weigh the public and private interests." *McAfee LLC v. USCIS*, Civ. A. No. 19-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). Here, the private and public interest factors favor transferring this case.

Indeed, the great weight of authority in this District suggests that Plaintiff could have and should have brought this case in Plaintiff's District. *See Roh v. USCIS*, Civ. A. No. 21-1291 (RJL), 2021 WL 5050071, at \*1 (D.D.C. Nov. 1, 2021) (transferring immigration mandamus suit against USCIS to district where plaintiffs resided); *Khamoush v. Mayorkas*, Civ. A. No. 21-1239 (RC), 2021 WL 4709719, at \*1 (D.D.C. Oct. 8, 2021) (same); *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020) (Contreras, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided); *McAfee*, 2019 WL 6051559, at \*2 (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided and the denial occurred); *Gyau v. Sessions*, Civ. A. No. 18-0407 (RCL), 2018 WL 4964502, at \*1 (D.D.C. Oct. 15, 2018) (same); *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018) (Boasberg, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided); *Aishat v. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 272 (D.D.C. 2018) (Boasberg, J.) (transferring case seeking to compel action on immigration application to the district where plaintiff resided and application was pending); *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 310 (D.D.C. 2017) (Kollar-Kotelly, J.) (transferring action seeking review of the denial of an immigration application to the district where plaintiff resided and the denial occurred); *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 214 (D.D.C. 2016) (Hogan, J.) (same); *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 102 (D.D.C. 2010) (Sullivan, J.) (transferring case seeking to compel action on immigration application to the district where plaintiff resided and application was pending); *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 (D.D.C. 2009) (same). And the D.C. Circuit has held that transfers of this sort are not an abuse of the Court's discretion. *See In re Sanikanti*, No. 20-5148 (D.C. Cir. July 8, 2020) (*per curiam* slip op.) (denying petition for writ of mandamus, holding that district court did not abuse its

discretion in transferring claims seeking to compel agency action on immigration applications to more convenient districts).

### 1. Private Interest Factors

In weighing transfer, "the Court considers the following private interest factors: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon*, 235 F. Supp. 3d at 305.

### a. *The Parties' Chosen Forums, the Locus of the Claims, and the Convenience of the Parties*

Plaintiff's choice of forum is afforded minimal weight because the District of Columbia is not Plaintiff's home forum and the District of Columbia has few, if any, factual ties to this case. *See, e.g., id.* ("Although the plaintiff's choice of forum is ordinarily entitled to deference, that choice is conferred considerably less deference when it is not the plaintiff's home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiff's home forum"); *Pasem v. USCIS*, Civ. A. No. 20-0344 (CRC), 2020 WL 2514749, at *4 (D.D.C. May 15, 2020) (concluding that deference to a plaintiff's choice of forum "'is minimized when the forum chosen is not the plaintiff's home forum'") (quoting *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). Here, Plaintiff does not reside in the District of Columbia and does not claim that any relevant factual events occurred in the District of Columbia. In such circumstances, "[t]his factor . . . provides little if any support for maintaining venue in the District of Columbia." *Bourdon*, 235 F. Supp. 3d at 305; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333 ("deference to [plaintiff's] choice is limited because [p]laintiff is not a resident of the District of Columbia and

this action lacks meaningful ties to the District of Columbia"); *Aftab*, 597 F. Supp. 2d at 81 (plaintiff's "choice of this district as a forum commands diminished deference" where "the claim involves identifiable relevant events occurring in the transferee district and virtually none in this district").

Rather, the private interest factors that are "of predominant importance" are those demonstrating that a plaintiff's claims arose in another District. *Bourdon*, 235 F. Supp. 3d at 305; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333 ("The location of activities giving rise to the action weighs heavily in favor of transfer"). The Court has a lengthy history of transferring cases seeking to review or compel decisions on immigration applications to a plaintiff's home district. *See supra*. This is because evidence underlying a non-citizen's claims in such circumstances is located in that district (i.e., with the plaintiff) and the alleged injuries from the wrongful actions are felt in plaintiff's home district. *See, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 333.

Here, Defendant seeks to transfer this action to Plaintiff's District (Defendant's chosen forum) because a plaintiff "cannot reasonably claim to be inconvenienced by litigating in [his] home forum." *Wolfram Alpha*, 490 F. Supp. 3d at 333 (quoting *Aishat*, 288 F. Supp. 3d at 269, and *Tower Labs, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018) (Boasberg, J.) (transferring patent action to plaintiff's home forum, noting "when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the *plaintiff's* home forum, then there is little reason to defer to the plaintiff's preference") (emphasis in original; citation omitted)). Moreover, by favoring a rule that transfers application-specific immigration cases[3] to the home

---

[3] Defendant uses the term "application-specific immigration cases" to refer to cases seeking to review or compel decisions on particular applications that do not include a broader challenge to a nationwide policy emanating from officials in the District of Columbia.

districts of plaintiffs, no single district will face a heavy concentration of immigration matters simply because it is home to a USCIS office.[4]

b.  *Remaining Private Interest Factors.*

The remaining private interest factors are neutral or favor transfer.  As the *McAfee* Court explained for "claims [that] arose primarily in the Central District [of California,]" that "District likely will be more convenient for potential witnesses and evidence." *McAfee*, 2019 WL 6051559, at *2.  Here, to the extent that any hearing is held, holding such a hearing in Plaintiff's District would be convenient because at least one party involved in the adjudication is located in that District (namely, Plaintiff).

At bottom, "where, as here, the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia." *Bourdon*, 235 F. Supp. 3d at 307 (quotation marks omitted; alterations in original).  That is particularly true here, where the agency with direct responsibility over the challenged administrative process —USCIS—is not headquartered in the District of Columbia.  Accordingly, the private interest factors in this case weigh in favor of transfer.

### 2.  Public Interest Factors

There are three public interest factors that the Court must also consider in assessing a request to transfer:  "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home."

---

[4]  Additionally, transferring this action to Plaintiff's home district is consistent with venue requirements for seeking review of naturalization applications, which must be brought in the District where the non-citizen resides.  *See* 8 U.S.C. § 1421(c).

*Bourdon*, 235 F. Supp. 3d at 308 (internal quotation marks omitted). Here, each such factor is either neutral or weighs in favor of transfer.

In cases like this one, "[t]he interest in deciding local controversies at home is the public interest factor of most importance[.]" *Id.*; *see also, e.g., Wolfram Alpha*, 490 F. Supp. 3d at 338-39 ("perhaps most important amongst the public factors, the local interest in deciding local controversies at home factor weighs in favor of transfer to" plaintiff's home district). To determine whether the case presents a local controversy, courts "consider a wide variety of factors, including: where the challenged decision was made; whether the decision directly affected the citizens of the transferee state; the location of the controversy[;] . . . and whether there was personal involvement by a District of Columbia official." *Bourdon*, 235 F. Supp. 3d at 308.

As discussed herein, this matter presents a local controversy that should be decided by Plaintiff's District. Plaintiff's injuries (if any) are felt by Plaintiff in Plaintiff's District. *See, e.g., Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012) (Boasberg, J.) (factor favored transfer "[b]ecause any potential impacts are to be felt locally"); *see also McAfee*, 2019 WL 6051559, at *1 (holding that the local interest prong favors transfer because "courts [have] a local interest in having localized controversies decided at home, including even controversies requiring judicial review of an administrative decision") (quotation marks omitted). This public interest factor, which the Court explained is "most importan[t]," *Bourdon*, 235 F. Supp. 3d at 308, weighs heavily in favor of transfer.

Additionally, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law. *See W. Watersheds*, 942 F. Supp. 2d at 101 ("Judges in both districts are presumed to be equally familiar with the federal laws governing this dispute, and thus this factor is not germane[.]"). Because Plaintiff pursues federal claims requiring interpretation of federal

law, "[t]he transferee district is presumed to be equally familiar with the federal laws governing [the plaintiff's] claims." *Wolfram Alpha*, 490 F. Supp. 3d at 334 (alterations in original; quotation marks omitted).

Lastly, there can be no dispute that each District (this District and the Plaintiff's District) faces congested dockets. *See* U.S. District Court—Caseload Statistics Data Tables, available at https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (latest Table C-5, Median Time from Filing to Disposition of Civil Cases by Action Taken). Moreover, "[t]hese statistics are not perfect indicators of court congestion as they may be influenced by additional factors" and "[d]epending on which metric a Court chooses to assess relative congestion, the weighing of this factor [often] points in different directions." *Wolfram Alpha*, 490 F. Supp. 3d at 336-37. Accordingly, this factor is neutral, or at best only slightly moves the needle one way or another. *See id.*

In sum, given the local nature of this controversy, this Court should transfer the case to Plaintiff's District.

## II. PLAINTIFF'S CLAIMS ARE ALSO RIPE TO BE DISMISSED DUE TO THEIR LACK OF CONNECTION TO THIS DISTRICT.

Plaintiff's claims are also subject to dismissal under Rule 12(b)(3) because of their lack of connection to this District. That is, Plaintiff's complaint names no government official that resides in this District, and no events occurring here, making venue improper here.

As an initial matter, were the Court to transfer this action under Section 1404, the Court need not consider Defendant's motion to dismiss. Indeed, confronted with both a motion to transfer and a motion dismiss in application-specific immigration cases, the Court has routinely denied without prejudice and with leave to refile the motion to dismiss when granting the motion to transfer. *See, e.g., Mohammadi*, 609 F. Supp. 2d at 16 ("In light of the transfer, the court does

not address the defendants' motion to dismiss."). This is especially true here when Defendant's motion to dismiss is one concerning venue.[5] That said, dismissal of Plaintiff's complaint would plainly be warranted.

Here, no defendant resides in this District for purposes of venue. USCIS and the USCIS Director now reside in Maryland for official-capacity venue purposes. Moreover, the USCIS officials actually handling Plaintiff's application reside elsewhere. *See Lamont*, 590 F.2d at 1128 (collecting citations; noting, "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant."); 28 U.S.C. § 1391(e). Further, Plaintiff has failed to allege any actions relevant to this case occurring this District, let alone a substantial portion of them. As such, there is no basis for venue in this District, and the Court may dismiss this case on that basis under Rule 12(b)(3).

*       *       *

---

[5]     For this reason, Defendant has drafted their Proposed Order as one granting Defendant's motion to transfer this action to Plaintiff's District and denying as moot, without prejudice, and with leave to refile in the transferee court a subsequent Rule 12 motion as appropriate.

## CONCLUSION

Whether viewed under a motion to transfer or a motion to dismiss, this case ultimately does not belong here.  Accordingly, the Court should transfer or dismiss it.

A proposed order is enclosed herewith.

Dated: September 3, 2025
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division


By:          */s/ Derrick A. Petit*
    DERRICK A. PETIT, D.C. Bar #144466
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7269
    Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that September 3, 2025, I caused a copy of the foregoing to be served upon

Plaintiff by first class mail marked for delivery to:

RAYON SHERWIN PAYNE
PRO SE
8815 Conroy Windermere Rd Ste #208
Orlando, FL 32835

By:*/s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar # 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Derrick.Petit@usdoj.gov
(202) 252-7269

| | |
|---|---|
| RAYON SHERWIN PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 25-1952(ACR) |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion to transfer and dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion to transfer is GRANTED;

ORDERED that the Clerk of the Court shall transfer this action to the United States District Court for the Middle District of Florida where Plaintiff resides; and it is further

ORDERED that Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE AS MOOT and that Defendant shall have leave to refile any appropriate motion to dismiss under Rule 12 within 21 days of this action being docketed with the transferee court.

SO ORDERED:

_____
Date

_____
ANA C. REYES
United States District Judge